Filed 10/21/20  P. v. Lozano CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SAMMY LOZANO,<br><br>    Defendant and Appellant. | B295390<br><br>Los Angeles County<br>Super. Ct. No. TA080053 |

APPEAL from an order of the Superior Court of Los Angeles County, Allen J. Webster, Jr., Judge.  Reversed and remanded with directions.

Richard Lennon and Ann Krausz, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Paul M. Roadarmel, Jr. and Stephanie A. Miyoshi, Deputy Attorneys General, for Plaintiff and Respondent.

—————————

Defendant and appellant Sammy Lozano appeals from the trial court's January 2019 order denying as untimely his motion under Senate Bill No. 620 (SB 620) to strike the firearm enhancements imposed as part of his sentence. Lozano contends his case was not yet final as of January 1, 2018—the date SB 620 took effect—and therefore his motion was timely. We agree. Accordingly, we reverse the court's order denying Lozano's motion and remand the case for further proceedings.

**FACTS AND PROCEDURAL BACKGROUND**

This case has a long and convoluted history. A jury convicted Lozano of two counts of attempted premeditated murder (counts 1 and 2), two counts of assault with a firearm (counts 3 and 4), shooting at an occupied motor vehicle (count 5), and being a felon in possession of a firearm (count 6). On the attempted murder counts, the jury found true firearm enhancements under Penal Code section 12022.53, subdivision (c).[1] The jury also found true firearm enhancements on the assault with a firearm counts. The trial court sentenced Lozano to life terms on the attempted murder counts, plus 20 years on each of those counts for the firearm enhancements. (*People v. Lozano* (Nov. 19, 2008, B198578) [nonpub. opn.].)[2] The court stated it believed the law required it to run the sentences on the

---

[1]    References to statutes are to the Penal Code.

[2]    We previously granted Lozano's Motion to Augment the Record on Appeal. The exhibits attached to the motion include our opinions in Lozano's two previous appeals, B198578 (filed November 19, 2008) (*Lozano I*) and B233393 (filed April 11, 2013) (*Lozano II*), as well as various minute orders and other documents. On our own motion, we take judicial notice of the rest of our file in *Lozano II*. (Evid. Code, § 452, subd. (d)(2).)

2

two attempted murder counts consecutively because the crimes involved different victims.  (*Ibid*.)

In an opinion filed November 19, 2008, we affirmed Lozano's conviction but remanded the case for resentencing. (*Lozano I*.)  We noted section 669 gives trial courts discretion to impose either consecutive or concurrent prison terms:  " 'Life sentences, whether with or without the possibility of parole, may be imposed to run consecutively with one another, with any term imposed for applicable enhancements, or with any other term of imprisonment for a felony conviction.' "  We cited *People v. Lepe* (1987) 195 Cal.App.3d 1347, 1350-1351:  "It is well established a trial court has discretion to determine whether multiple sentences are to run concurrently or consecutively." (*Lozano I*.)

The remittitur issued and the trial court set a date for further proceedings.  The docket entry for May 5, 2009 states, "The defendant is sentenced[;] however, the defense attorney requests a continuance to research prior plea information." The docket entry does not say what the sentence was that the court imposed.[3]

Over the next 23 months, the matter was continued 15 times (12 times at the request of the defense and three times by mutual agreement).  In the meantime, in August 2010 Lozano filed a motion—followed by an amended motion—"to reinstate [his] nolo contendere plea and the judgment pronounced after that plea."[4]

---

[3]     Nor does the record in this appeal or in *Lozano II* contain a reporter's transcript of the proceedings on May 5, 2009.

[4]     In April 2005, Lozano had entered into a plea agreement with the People for a determinate sentence of 23 years.  A few days later the prosecutor realized the sentence was

On April 15, 2011, the court conducted an evidentiary hearing on Lozano's motion. At the conclusion of the hearing, the court denied Lozano's motion to "reinstate" the plea agreement he had rejected. The court then stated, "And the sentence as was pronounced a year or two ago . . . , I ran them concurrent[;] these sentences will stand." Defense counsel asked if the remittitur had "actually [been] taken care of." The court replied, "[Y]es it was. Because I basically ran these two sentences concurrent rather than consecutive."

The court referred to its notes and stated it had resentenced Lozano "to counts 1 and 2 to run concurrent"; had stayed the sentences on counts 3, 4, and 5; and had "imposed the sentence as to count 6." The prosecutor asked the court "just [to] redo[ ] that now just to cover it." The court said that would be fine but it had only its handwritten notes and needed a reporter's transcript (as the docket did not reflect the sentence). Defense counsel told the court Lozano wanted a "forthwith" return to state prison, apparently meaning he did not want

_____

impermissible because of a problem with the firearm enhancement. Counsel returned to court on Friday, May 6, 2005. Lozano was a miss-out that morning. Defense counsel told the court he had "prevailed upon [the prosecutor] to reduce this sentence down to 19 years on Mr. Lozano's behalf." But, counsel said, Lozano's wife had told him Lozano had retained new counsel and that lawyer "is going to be here prepared to go to trial." The following Tuesday, Lozano was present in court with his new lawyer. Lozano's new attorney told the court he had explained to Lozano that "if he loses" "he's never getting out, not with those type[s] of convictions." Counsel continued, "He's explained to me that he wants to have his trial, regardless of the consequences." Lozano personally confirmed to the court that that was his decision. Accordingly, the court set aside Lozano's plea and set the case for trial.

4

to come back to court once the court had the reporter's transcript for the original sentencing date.

The docket entry for April 15, 2011, states, "The defendant is sentenced nunc pro tunc from order of 5/9/11 [*sic*] on remittitur finding from the court of appeal." The docket reflects sentences of life on counts 1 and 2. On the section 12022.53, subdivision (c) firearm enhancements, the docket states, "The court selects 20 years concurrent" on both counts. As the court correctly remembered, the docket shows the court stayed the sentences on counts 3, 4, and 5, and imposed the midterm of two years on count 6, to be served concurrently with counts 1 and 2. Notwithstanding the court's pronouncement that the sentences on counts 1 and 2 were to be served concurrently, the abstract of judgment filed April 25, 2011 still checked the "consecutive" box for count 2.

Lozano again appealed. On April 11, 2013, we again affirmed Lozano's conviction, rejecting his contention that the trial court erred by denying his motion to "reinstate" his plea bargain. (*Lozano II* (*People v. Lozano* (Apr. 11, 2013, B233393) [nonpub. opn.]).) However, we ordered the abstract of judgment to be corrected to reflect that the sentences on counts 1 and 2 were to be served concurrently. (*Ibid*.) A docket entry of April 30, 2013 notes the trial court had received our April 11 opinion. The court (again) ordered "that the convictions on counts 1 and 2 are to run concurrently" and "that a certified copy of this minute order and an amended abstract be forwarded to the Department of Corrections."

The record on appeal does not contain a corrected abstract. More than four and a half years later, a "correctional case records analyst" with the California Department of Corrections and Rehabilitation (CDCR) sent the trial court a letter dated November 17, 2017. The analyst wrote, "A review of the

5

documents delivered with the above-named inmate indicates the Abstract of Judgment and/or Minute Order may be in error . . . ." The analyst continued, "The sentence for [the section 12022.53, subdivision (c)] enhancement is 20 years and must run consecutively." The analyst did not cite any authority for this statement.

It is unclear whether the analyst meant the 20-year term for the firearm enhancement must run consecutively to the life term (which is correct) or, instead, that the two 20-to-life terms must be served consecutively (which is incorrect). While section 669 generally permits life sentences to be served concurrently with or consecutively to any other terms for felonies or enhancements, section 12022.53, subdivision (c) specifically requires the 20 years for the firearm to constitute "an additional and consecutive term of imprisonment." (§ 12022.53, subd. (c).) The analyst's confusion may have arisen from the language in the April 15, 2011 minute order: On both counts 1 and 2 the docket states, "12022.53(c)PC - The court selects 20 years concurrent." The November 2017 letter reflects copies to the district attorney and "private attorney," but it is unclear to which of Lozano's several previous private attorneys CDCR meant to refer.

On November 28, 2017, the trial court took action in response to the CDCR letter. The docket entry states: "Defendant is not present in court, and not represented by counsel. The court has read and considered the letter from the Department of Corrections dated 11/17/17. [¶] The court amends the sentence of 4/15/11 to reflect the following: The court orders that the enhancement pursuant to PC 12022.53(c) as to counts 1 and 2 with the sentence of 20 years, is to run conse[c]utive not concurrent. [¶] The court orders that a[n] amended abstract be prepared and a certified copy of this minute order be forwarded to the Department of Corrections forthwith."

6

It is unclear whether the court meant only that the 20-year terms for the firearm enhancements were to be served consecutively to the life sentences (but the sentences on counts 1 and 2 were to be served concurrently), or that the 20-to-life sentences on counts 1 and 2 were to be served consecutively. Court staff apparently thought the judge meant the latter: an abstract of judgment, filed November 29, 2017, again checked the "consecutive" box for count 2. In short, the November 2017 resentencing appears to have resulted in a 40-to-life sentence for Lozano instead of a 20-to-life sentence.

In September 2018, Lozano mailed to the trial court a form pleading entitled "Notice and Request for Ruling Pursuant to California Rules of Court, CRC Rule 4.551(a)(3)(B)." Lozano refers to a "habeas corpus petition" filed on March 12, 2018. However, in the attached form declaration Lozano says he filed a petition "on November 28, 2017." The record on appeal does not include any sort of petition or motion by Lozano filed on either of those dates.

Apparently, what Lozano was referring to was a motion he filed under SB 620 to strike one or both of his section 12022.53, subdivision (c) firearm enhancements. A docket entry, dated January 10, 2019, states: "The court has read and considered the motion to strike the enhancement as well as the notice and request for ruling . . . . [¶] The motion to strike the enhancement pursuant to Senate Bill 620 applies retroactive[ly] to defendants whose sentences were not final before the provisions of SB 620 came into effect. *People v. Arredondo* (2018) 21 Cal.App.5th 483 made it clear that it was intended and expected that its provisions would be applied to all cases pending at the time it became effective. *People v. Woods* (2018) 19 Cal.App.5th 1080. [¶] In the instant matter, the case became final on or about 2013."

On January 22, 2019, Lozano appealed from the January 10 order.

**DISCUSSION**

1. ***Because Lozano's case was not yet final as of SB 620's effective date, he is entitled to have the trial court consider his motion to strike or dismiss the firearm enhancements***

Lozano contends "the trial court erred when it denied his SB 620 petition based on finality, because [his] sentence was not final when SB 620 became effective." He appears to be correct.

The Attorney General asserts the trial court did not resentence Lozano in 2017 but merely "clarif[ied] or correct[ed]" the sentence it imposed in 2009. If a court—having received a CDCR letter—merely corrects a clerical error in the abstract of judgment, that correction does not constitute a resentencing or affect the finality of the defendant's case for purposes of an SB 620 motion. (*People v. Humphrey* (2020) 44 Cal.App.5th 371, 373-374, 380.) However, the Attorney General concedes, "It is unclear from this record whether the trial court imposed the life terms concurrently with the firearm enhancements [which would be an unauthorizes sentence] or whether the trial court imposed concurrent terms of life plus 20 years on counts 1 and 2 [which would not]." The Attorney General also concedes that, "if the record is interpreted as the court correcting the sentences on the Penal Code section 12022.53 enhancements or imposing consecutive terms of life plus 20 years, appellant is entitled to a remand for the court to exercise its discretion under Senate Bill 620."

Our best guess is the trial court meant to impose the following sentence in 2009:

> The defendant is sentenced to life on count 1 plus an additional and consecutive term of

8

> 20 years for the firearm enhancement.  On
> count 2, the defendant is sentenced to life plus
> an additional and consecutive term of 20 years
> for the firearm enhancement.  The sentences
> on counts 1 and 2 shall be served concurrently.

But we cannot tell.  As we have said, the docket entries are unclear, we have no reporter's transcript for the May 5, 2009 sentencing, and the reporter's transcript for the proceedings on April 15, 2011 does not include any formal pronouncement of sentence.  And, again, the November 2017 abstract of judgment reflects the sentence on count 2 as consecutive to the sentence on count 1.

If the November 2017 proceedings constituted a resentencing—resulting in a sentence of 40 years to life instead of two concurrent sentences of 20 years to life—then, as Lozano notes, the resulting judgment did not become final until the 60-day statutory deadline for filing a notice of appeal expired. (*People v. Barboza* (2018) 21 Cal.App.5th 1315, 1319.)  That 60th day was January 27, 2018.  SB 620 took effect on January 1, 2018.  (Stats. 2017, ch. 682, § 2.)  That legislation gave the trial court discretion to strike or dismiss a firearm enhancement. (*People v. Pearson* (2019) 38 Cal.App.5th 112, 116.)  SB 620 applies to cases not yet final on its effective date of January 1, 2018.  (*People v. Fox* (2019) 34 Cal.App.5th 1124, 1127.)  Lozano's case was not final on that date.

2. ***The issue of whether Lozano's November 2017 sentence was unauthorized is not properly before us***

Lozano also contends the November 2017 sentence was unauthorized and violated "the principles of double jeopardy." Both Lozano and the Attorney General have briefed this issue. But Lozano did not appeal from the November 2017 resentencing.

His notice of appeal was only from the trial court's January 2019 order denying his SB 620 motion.

Lozano and the Attorney General agree that an unauthorized sentence can be corrected at any time. (See, e.g., *People v. Torres* (2008) 163 Cal.App.4th 1420, 1429; *People v. Massengale* (1970) 10 Cal.App.3d 689, 693.) But there must be a proper procedural vehicle. Lozano has neither appealed from the November 28, 2017 order nor filed a petition for a writ of habeas corpus.

Lozano and the Attorney General also agree that California's constitutional prohibition against double jeopardy precludes the imposition of a more severe punishment after appeal unless the original sentence was illegal or unauthorized. (*People v. Henderson* (1963) 60 Cal.2d 482, 495-497; *People v. Hanson* (2000) 23 Cal.4th 355, 358-360 & fn. 3; *People v. Ali* (1967) 66 Cal.2d 277, 281 [defendant cannot be resentenced to consecutive terms following a successful appeal when he originally was sentenced to concurrent terms].) The trial court's 2009 sentence of two concurrent 20-to-life terms was neither illegal nor unauthorized. But a 40-to-life sentence obviously is more severe than a 20-to-life sentence.

We also note that neither Lozano nor his counsel was present before the court on November 28, 2017. A defendant has the right to be present and assisted by counsel at a resentencing proceeding. (*People v. Sanchez* (2016) 245 Cal.App.4th 1409, 1411; *People v. Cutting* (2019) 42 Cal.App.5th 344, 346-349; cf. *People v. Rodriguez* (1998) 17 Cal.4th 253, 260.)

As we are remanding the case for the court to consider Lozano's SB 620 motion, the parties may raise any contentions about an unauthorized sentence with the trial court.

In conclusion, as Lozano's case is not final, on remand he may present to the trial court any motion he wishes to strike or

10

dismiss his firearm enhancements.  Lozano has the right to be present with counsel.  (*People v. Rocha* (2019) 32 Cal.App.5th 352.)  We of course express no views on how the court should rule on Lozano's SB 620 motion.

## DISPOSITION

We reverse the trial court's order denying as untimely Sammy Lozano's motion to strike or dismiss his firearm enhancements and remand the case for further proceedings consistent with this opinion.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



EGERTON, J.

We concur:



EDMON, P. J.



LAVIN, J.